**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MOSES RABBIT KIRSCHKE,

    Petitioner,

v.

    CASE NO. 2:11-CV-10654
    HONORABLE GERALD E. ROSEN
    CHIEF UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR THE APPOINTMENT OF COUNSEL AND FOR AN EVIDENTIARY HEARING, AND GRANTING THE MOTION TO EXPAND THE RECORD**

On February 11, 2011, petitioner filed an application for writ of habeas corpus with this Court. Before the Court are petitioner's motions for the appointment of counsel, for an evidentiary hearing, and to expand the record. Respondent has yet to file an answer to the habeas petition. For the reasons stated below, the motions for the appointment of counsel and for an evidentiary hearing are **DENIED WITHOUT PREJUDICE**. The Court will **GRANT** the motion to expand the record.

    **A. The motion for the appointment of counsel.**

Petitioner has requested the appointment of counsel to assist him with his petition for writ of habeas corpus.

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where

the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a twenty six page petition for writ of habeas corpus in which he raises three different claims for relief in his petition. Petitioner has also attached numerous exhibits to his petition for writ of habeas corpus. Petitioner has also been able to file motions for the appointment of counsel, for an evidentiary hearing, and to expand the record. Petitioner has the means and ability to present his claims to the court. Furthermore, until the respondent files its answer and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require

appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, the motion for appointment of counsel will be denied without prejudice. Petitioner's motion will be reconsidered if, following receipt of the responsive pleadings and Rule 5 materials, the Court determines that appointment of counsel is necessary.

**B. The motion for an evidentiary hearing.**

Petitioner has also requested that an evidentiary hearing be conducted on his claims.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual

allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F. 3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Once the Court receives the respondent's answer and the Rule 5 materials, the Court will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition for writ of habeas corpus. Accordingly, the Court denies the motion for an evidentiary hearing. The Court will reconsider petitioner's motion if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

    **C. The motion to expand the record.**

Petitioner has also filed a motion to expand the record, in which he seeks to introduce into the record an affidavit in support of his first claim, in which he alleges that the trial court should have suppressed his custodial statement, on the ground that it was coerced by the police.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *See Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008).

In the present case, petitioner requests the Court to expand the record to include an affidavit which may support his first claim that his custodial statement to the police should have been suppressed because it was coerced. Because this evidence may help resolve any factual disputes in this case, the Court will permit the court record to be expanded to include this affidavit.

**ORDER**

Based upon the foregoing, the motions for the appointment of counsel and for an

5

evidentiary hearing [Dkts. # 3 and # 4] are **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the motion to expand the record [Dkt. # 5] is **GRANTED.**


                                        s/Gerald E. Rosen
                                        Chief Judge, United States District Court

Dated:  August 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 2, 2011, by electronic mail and upon Moses Rabbit Kirschke, #384285, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by ordinary mail.

                                        s/Ruth A. Gunther
                                        Case Manager