UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES RABBIT KIRSCHKE,

    Petitioner,

v.

CASE NO. 2:11-CV-10654
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,

_____/

## OPINION AND ORDER DENYING THE MOTIONS FOR SUMMARY JUDGMENT AND FOR AN EVIDENTIARY HEARING, AND GRANTING THE MOTION TO EXPAND THE RECORD

On February 11, 2011, petitioner filed an application for writ of habeas corpus with this Court. Before the Court are petitioner's motion for summary judgment, his motion for an evidentiary hearing and two motions to amend the motion for an evidentiary hearing, and a motion to expand the record. For the reasons stated below, the motions for summary judgment and for an evidentiary hearing are **DENIED WITHOUT PREJUDICE.** The Court will **GRANT** the motion to expand the record.

**A. The motion for summary judgment.**

Petitioner has filed a motion for summary judgment, on the ground that the respondent failed to file a timely answer to the petition for writ of habeas corpus. Petitioner specifically claims that he originally filed two petitions for writ of habeas corpus in 2010, one which challenged his convictions in St. Clair County Circuit Court Case # 06-294-FC and the other which challenged his convictions in St. Clair County

1

Circuit Court Case # 06-258-FC. Apparently, the United States District Court only received the petition for writ of habeas corpus that challenged his conviction in state court Case # 06-294-FC. This case was assigned to Judge Marianne O. Battani and remains pending. *See Kirschke v. Prelesnik,* U.S.D.C. 10-CV-10229. Petitioner's other habeas application apparently did not get mailed to this Court and after repeated inquiries to this Court, petitioner eventually resubmitted to this Court this petition for writ of habeas corpus which challenged his conviction in Case # 06-258-FC. On February 22, 2011, Magistrate Judge R. Steven Whalen signed an order requiring a responsive pleading from the Attorney General by August 22, 2011. The Michigan Attorney General filed an answer to the petition on August 22, 2011. Petitioner argues that this answer is untimely, because he claims that the Attorney General was aware of the existence of his habeas petition that challenged his convictions in Case # 06-258-FC when he filed the answer to the petition for writ of habeas corpus that is pending before Judge Battani. Petitioner argues that the Attorney General therefore should have addressed the allegations that petitioner raises in his current petition when responding to the claims raised by petitioner in his habeas application that remains pending before Judge Battani.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000); (quoting Fed. R. Civ. Proc. 56(c)). The summary judgment rule applies to habeas

proceedings. *Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001)(citing to *Hauck v. Mills*, 941 F. Supp. 683, 686-687 (M.D. Tenn. 1996)).

Petitioner is basically asking this Court to enter a default judgment because of the respondent's alleged failure to file a timely answer to the petition for writ of habeas corpus. This Court is without power to grant petitioner a default judgment in this case, because a default judgment is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Allen v. Perini,* 424 F. 2d at 138; *Gray v. Reilly,* 208 F. 3d 213; 2000 WL 302983, * 2 (6th Cir. March 14, 2000). In any event, because the petition for writ of habeas corpus that was filed before Judge Battani only challenged petitioner's conviction in Case # 06-294-FC, the respondent would not have been on notice that he was required to address any constitutional challenges with respect to petitioner's convictions in Case # 06-258-FC. The Court will deny the motion for summary judgment.

**B. The motions for an evidentiary hearing.**

In his motion for evidentiary hearing and his two amended motions for an evidentiary hearing, petitioner has also requested that an evidentiary hearing be conducted on his claims.

If a habeas petition is not dismissed at a previous stage in the proceeding, the

judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Under the provisions of the AEDPA, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F. 3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the

4

record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet reviewed the petition for writ of habeas corpus, the respondent's answer, or the state court record. Without reviewing these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed. Once the Court reviews the pleadings and the Rule 5 materials, the Court will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition for writ of habeas corpus. Accordingly, the Court denies the motion for an evidentiary hearing. The Court will reconsider petitioner's motion if, following review of the pleadings and Rule 5 materials, the Court determines that an evidentiary hearing is necessary.

**C. The motion to expand the record.**

Petitioner has also filed a motion to expand the record, in which he seeks to introduce into the record an affidavit, a portion of a trial transcript, a copy of the trial court's order returning his motion for relief from judgment, and the Michigan Court of Appeals' order finding his motion for relief from judgment to be defective, all of which he has offered in support of third claim, in which he alleges that the trial counsel was ineffective.

Rule 7 (a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." A federal district court judge may employ a variety of measures to avoid the necessity of an evidentiary hearing in a habeas case, including the direction to expand the record to include

evidentiary materials that may resolve the factual dispute without the need for an evidentiary hearing. *See Blackledge v. Allison,* 431 U.S. 63, 81-82 (1977). The decision whether to expand a habeas record is within the sound discretion of the district court. *See West v. Bell,* 550 F.3d 542, 551 (6th Cir. 2008).

In the present case, petitioner requests the Court to expand the record to include evidence which may support his ineffective assistance of counsel claim. Because this evidence may help resolve any factual disputes in this case, the Court will permit the court record to be expanded to include this affidavit.

## ORDER

Based upon the foregoing, the motion for summary judgment [Dkt. # 10], and the motions for an evidentiary hearing [Dkts. # 12, # 13 and # 15] are **DENIED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the motion to expand the record [Dkt. # 11] is **GRANTED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 26, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2012, by electronic mail and upon Moses Kirschke, #384285, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788 by ordinary mail.

s/Ruth A. Gunther
Case Manager