UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES RABBIT KIRSCHKE,

    Petitioner,

v.

CASE NO. 2:11-CV-10654
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

JOHN PRELESNIK,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS* FROM THE DENIAL OF THE MOTION FOR RECONSIDERATION**

On October 11, 2012, this Court denied petitioner a writ of habeas corpus and declined to issue a certificate of appealability or leave to appeal *in forma pauperis*. Petitioner has now filed a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D.

1

Mich. 1997).

Petitioner alleges in his motion for reconsideration that this Court, in rejecting petitioner's Fifth Amendment claim that he had invoked his right to silence during his police interrogation, erred in concluding that there was no evidence that petitioner had unambiguously asserted his right to remain silent.  In his motion for reconsideration, however, petitioner is merely presenting arguments that were already raised in the initial petition and considered by the Court in ruling on the petition.  Petitioner is merely attempting to re-hash arguments that he previously raised in his initial habeas application.  The Court will therefore deny petitioner's motion for reconsideration, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application. *See Hence v. Smith,* 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g. Amr v. U.S.,* 280 Fed. Appx. 480, 486 (6th Cir. 2008)(issue of whether district court abused its discretion in denying defendant's motion for reconsideration was not the issue he was granted authority to appeal by district court in certificate of appealability, thus rendering Court of Appeals without authority to reach the merits of claim challenging calculation of time period for filing motion for reconsideration).  This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D.

Mich. 2001).

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion for reconsideration [Dkt. # 29] is **DENIED.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.


S/Gerald E. Rosen
Chief Judge, United States District Court

Dated: November 21, 2012

I hereby certify that a copy of the foregoing document was served upon parties or counsel of record on November 21, 2012, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager